**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 10 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LILI HE, | No.   15-70274 |
| Petitioner, | Agency No. A089-479-987 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 08, 2020[**]

Before:  SCHROEDER, TROTT, and SILVERMAN, Circuit Judges.

Lili He, a native and citizen of China, petitions pro se for review of the

Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

immigration judge's decision denying her applications for asylum and withholding

of removal.  We have jurisdiction under 8 U.S.C. § 1252.  We review for

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations under the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We review de novo claims of due process violations in immigration proceedings. *Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on significant omissions from He's original asylum application and credible fear interview, particularly her claims that she was arrested and detained in 2007 and subjected to a subsequent monthly reporting requirement. *Shrestha*, 590 F.3d at 1048 (adverse credibility finding must be based on the totality of the circumstances); *Jiang,* 754 F.3d at 738-40 (substantial evidence review is a highly deferential standard that requires upholding the adverse credibility finding so long as even one basis is supported by substantial evidence). He's explanations do not compel a contrary conclusion. *See Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011) (agency not required to accept explanations for inconsistencies). In the absence of credible testimony, He's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Additionally, the agency properly admitted and gave appropriate weight to the credible fear interview notes that He submitted into evidence. The agency also provided He with a sufficient opportunity to explain any perceived inconsistencies

15-70274

or omissions in the record.  Accordingly, we are not persuaded by He's contentions on appeal that the agency violated her right to due process by failing to provide her with a full and fair hearing.  *Gutierrez v. Holder*, 662 F.3d 1083, 1091 (9th Cir. 2011) (a court will grant a petition on due process grounds only if the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case) (citations and quotation marks omitted).

**PETITION FOR REVIEW DENIED.**